# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00129-MR-WCM

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **TIMOTHY ALLEN WILLIAMS, JR.,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release due to the COVID-19 pandemic [Doc. 26].

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court of Appeals for the Fourth Circuit has made it

explicitly clear that a district court has no authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).

The Fourth Circuit has not yet ruled on whether the threshold requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must either exhaust his administrative remedies with the BOP or wait 30 days after submitting a request to the BOP before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional). Here, the Defendant fails to assert in his motion that he has submitted a request for compassionate release to the warden of his Bureau of Prisons facility or that he has otherwise exhausted his administrative remedies. As such, the Court cannot grant the requested

relief. Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release due to the COVID-19 pandemic [Doc. 26], is **DENIED WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.**  Signed: May 22, 2020

Martin Reidinger
United States District Judge